The next case on our calendar for oral argument this morning is number 2040 36 United States versus Campbell. Council may it may it please the court. My name is Alexandra Lenowitz tests, and with my co counsel known bill, we represent the plaintiff, Mr. Howard Campbell. After numerous revelations decimated the credibility of the officers in this case, the district court denied Mr. Campbell's motion to reopen the suppression hearing as to the search of his person, because the body camera video, quote, on its own established is not probative to whether or not the officer saw a transaction. That's at a 110 to 11, and also said, quote, certainly if the court disbelieves that the officers observed what they said they observed, there would be no probable cause. And that's at a 33. As a result, the district courts probable cause determination rests entirely on a videotape that does not show a drug transaction does not show Mr. of the district court with respect to the judgment of the district court and direct the district court to enter an order suppressing the fruits of the search. What's our standard of review here. The standard review of discretion. Whoops, we've lost Judge Parker for a minute. There you go. So it's, it's abusive discretion. That's correct. And you're asking that we have vacate the denial of the motion to reopen. That's correct, that's correct. And, and then remand for directions or could you could you describe exactly the remedy we you'd like. Yes, understood. So we I'll give you a little extra time we'll let Judge Parker finishes call. Fantastic. I'm on another call so thank you. Please pick up again. Extra time so could you describe again exactly the remedy that you're after. Yes, Your Honor, so the our, our remedy is that we would like this court to find there's no probable cause remaining vacate the court's decision with respect to the motion to reopen the suppression And what would happen then if we give you that remedy what what happens next, Mr. Campbell has, you know, was sentenced to time served, and has been not incarcerated for quite a while what what would happen next. So, so if the court suppresses the evidence, if the court suppresses the narcotics found on his persons, there is no basis for his conviction is conviction, we are going to be ultimately be vacated. And so, what is correct that Mr. Campbell has been sentenced to time serve, but he might have been wrongfully convicted of a crime so that is our, that is our request to this board. Go ahead, Judge Parker. Help me understand. If, if I were the back in my old days as a trial judge, I might have suppressed this evidence. Judge Carney might have suppressed it. Judge Robinson might not have suppressed it. But how do we get from that to abuse of discretion. So with respect to the specific reopening of. So with respect to the original suppression hearing, we're not challenging the ruling on the original suppression hearing, while we're challenging the failure to reopen right correct as abuse of discretion, based on the district. Help help me understand how that rises to the level of abuse of discretion. Yes, Your Honor. So, the district court in its original suppression ruling relied on three sources, it relied on the officer's testimony, the video evidence, and the fact that the interaction occurred in a high crime area. By the time we got to sentencing, and we had we had requested the court to reopen the motion to suppress the court denied our motion, saying that the video evidence on its own, was the basis for finding a probable cause. So at that point, the only evidence left after the credibility of the officers had already been officers already been found to not be credible by the district court, the only evidence left is the video and video. Can I just, the question I heard about that is that the in the post trial clarification. The trial court said the video evidence alone is enough and let's assume we agree with you that it's not. The court didn't actually make a finding that officer center was not credible with respect to the testimony about the handoff he had just made a finding that she was not credible with respect to the gun. Don't we have to give the trial court an opportunity to not dodge the question of whether it finds officer center credible with respect to her testimony. So I think that Jacobson remand is a is also or rate or vacating and having the district court we will on this issue is a perfectly also a valid option, but we think that, yes, the court said that officer center wasn't credible with respect to the gun, but the court also made some other statements that at least in our opinion, show that they were that the district court was ignoring or sort of putting to aside the credibility of the officers as a whole. So, comments, including the district court, explaining their quote this dissatisfaction with what seems to be the efforts of the police here, and the manner in which they conducted and purported themselves. So that's at a 1609. And then also the court saying something happened here with these officers and their conduct on the scenes that at least in my estimation, suggest some malfeasance, and I'm troubled by this, which is a 1613. So, we argued that those, we believe that those comments show that the district court was putting aside the office credibility in their entirety, not just respect to the specific issue of the gun. If we remanded and that's true, then the district court could say, No, you know, you're right now that I've looked at the video again it's not enough I discounted the officers credibility, I am going to reopen the suppression hearing and then it flows from there. That's, that's correct, Your Honor. And right and yes and or at a minimum at least if the court chooses to rule the same way again, provide an explanation that would allow us a more fulsome appellate record on which to, you know, to which to dispute their courts finding on the suppression issue. So if the court has no more further questions I'll just reserve my time for rebuttal. Very good. Thank you. Thank you. Miss Benson Benson. Yes, Your Honor. May it please the court, Assistant United States Attorney Kayla Benzie on behalf of the United States. Good morning. Defense Council has discussed at length certain of the evidentiary issues in the case, but this case is about the district court's denial of emotion to reopen a suppression hearing, and the district court in this case who was extraordinarily familiar with the facts and witnesses in this case properly considered the evidence and finding that there was probable cause to stop and search the defendant, both in its initial decision, and the district court did not abuse its discretion in denying Campbell's motion to reopen that hearing. And I will note that although Campbell has conceded in his reply brief that he is not challenging the district court's original suppression ruling, it is useful to return to the evidence that the district court had before. But nonetheless we're looking now at what the what the district court said after a number of developments that called into question the credibility of the those giving testimony, and the district court ends up saying, in this case we had video evidence that my that gave probable cause. And so I'm concerned about the actual basis for the district court's decision, and whether it was in fact an abusive discretion, after all this other evidence had happened. It had come forth to the district court may have been somewhat confused about exactly what remained what did not remain, but when asked to clarify she focused on the video evidence alone. So, why, why isn't that an abusive discretion if on examination the video evidence doesn't show a hand to hand transaction, and that's all the district court relied on in affirming reaffirming her decision in the motion for reconsideration. Why isn't that an abusive discretion. Well, Your Honor, I have two responses to that. The first is looking at the video alone to answer your honor's question about that there's no dispute that there is no hand to hand transaction that is visible on the video. But there is audio in the video contemporaneous statements made by the police officers in this case, regarding that transaction. But there were also, but an audibility hearing was also requested and denied and there's a lot of those videos that is not really intelligible. That's true, Your Honor, but the audibility hearing was limited just to the statements of that individual and the white tank top the individual who approached the officers with a craft pipe in one hand and cash in the other. But the audio that I'm referencing is the officers own statements and of course hearsay is admissible at a suppression hearing so for example, Officer Ramos one of the arresting officers in this case on the body camera itself says, I just saw you handed off to him. That's the officer who you declined to put on the stand during the trials that right. We did not call him at trial, Your Honor, that's correct. Of course, these statements are contemporaneous with the stop in the case they're captured on the body camera video in the case so that officer then says, I saw you standing here with all these drugs, and I saw you hand something off. In Officer Senra's body camera at minute two I believe Officer Senra says, my man I think he just passed it to to my man in the tank top right there at around minute seven of Officer Ramos his body camera he says we rolled up, I think he was holding something the crack pipe and his hand later at minute nine Officer Ramos says he was like giving him a pipe. I don't think he was able to hit him off. If the theory here is that the officers essentially manufactured probable cause. I'm not sure how it helps that they were manufacturing it from the get go rather than post hoc. How can we rely on our what we're hearing on the video when there's nothing in the trial courts findings that suggest that that was part of its rationale it seemed to be focused on the video. Well, so the district courts rationale at the time of the initial suppression ruling, the district court actually did make a note about statements being made on the scene. This is that appendix to 17 and she notes that this wasn't a post hoc justification, but this is something that was said on the scene in the moment and this court has always made a distinction between testimony that's stated right in the moment of when something is initial question. The officer, the district court here did say that she believed that she could make her determination based on the video evidence that that video evidence on its own, provided a sufficient basis, but the district court also said that there was no need to reopen the suppression hearing, based on the entirety of the evidence that the court had before it by way of video evidence and the other factors, the court determined provided a basis for probable cause. What other factors would she have been referring to. Well, she could have been, she was referring to everything else that she had before her including the officers testimony. The photographs didn't show any hand to hand transaction. She had discounted the credibility of the officers who had testified to having seen a hand to hand transaction in with regards to the backpack and some other circumstances, and she was not specific about what other factors she was relying on, and then she moves on from that general statement to focusing on the video as being sufficient on its own. Well, why are we like, why isn't it correct to just focus on the video and whether that was adequate or not. Well, even after that Your Honor, the district judge here says I really do not believe that officer centers testimony was dispositive of the probable cause issue for the court. She doesn't say that she's not relying on that testimony, and I would note that her, her credibility determination here as to officer Sandra was limited to the gun, and, and that is not an abuse of discretion in this case because the testimony about the hand to hand transaction about the recovery of the narcotics at the scene was closely closely corroborated by the video evidence in this case and in fact, as I just recounted the officers make statements about what they saw at the time that they saw it. And I think all of that is critical in this court's determination of whether or not the district court abused its discretion in this case. And I, I would direct this court to its its prior ruling in a summary order, and United States versus Rios but I do think that the language there is particularly instructive here that the district court was made fully aware of the new evidence that arguably cast doubt on the accuracy of certain aspects of the officers testimony, and of the defense analysis of that evidence, and nevertheless adhere to its view that the testimony was believable as to the key determinants of reasonable suspicion and probable cause and I think that that is exactly on point with what with what the district court in this case did a district court, who presided over the suppression hearing presided over a pre trial hearing in which officer summer testified presided over trial presided over numerous bail motions and hearings and the sentencing hearing, and the district court in this case was extremely familiar with the record. And this court should defer the government submits to the district court's conclusion that the officers testimony was credible and supported by the record. Unless the court has any further questions for the government, I'll rest on my submission. Thank you. Thank you very much. Council. Just a brief rebuttal. So, first I want to address the question of the contemporaneous statements that my colleague brings up, and those statements all rely on credibility, the validity of what those officers said in that video relies on credibility, which as we've discussed as I've discussed doesn't exist here anymore. And I think that that is an important distinction, even though they're contemporaneous statements, they are one post hoc rationalizations and to entirely based on credibility. So I think the government, the government says that even though the district court made an adverse credibility finding with respect to the gun in the backpack and officer Sandra, that that doesn't preclude her finding officers center credible. As to the comments made during the video. Is that why is that incorrect. That is potentially possible that the district court could do that, but we do not know me first district court's own word say on its own, and says that officer senders finding was not this positive. I mean that I think it's fairly read as saying the relying on the video on its own in its entirety. But secondly, if the court district court was relying on officer Sandra continued credibility, with respect to this, that specific issue, the district court didn't articulate that. And I think that that's not a, I don't think that we can assume that for purposes of record, I think then the district court would need the opportunity to clarify the record, and the basis on which it's relying. Could you address also sorry, the your request for an audibility analysis I'm not quite sure how that works. That's still a pending request that the district court denied and that's part of your appeals that right. That's correct. That was a pending request for the district court and the government argued that it wasn't necessary, but then now and it's briefing is arguing that the parts of the tape or an audible, so you know that that is, we would request an audibility hearing as well, although we do also think that the tape clearly shows the man the white tank top saying he didn't hand me nothing. But that is yes so we would be that would be part of our presentation as well. That's Robinson. I'm so good. If we did remain in the district court said oh notwithstanding all those things I said about officer center and Ramos. For purposes of this question, I do find them credible. Would you argue that that was, we'd be back up here, looking at an argument that that was an abusive discretion reported said before. I believe the standard would be clearly erroneous at that point if, but yes, we would be back arguing that issue as well, but on a full on a fully articulated record. Okay, the district court, in effect was saying, I believe this case month after month I've made lots of rulings in it I listened to the witnesses I listened to the evidence. And I, you know, may not have gotten everything quite right but said, look, may made a, let's even concede a mistake by the video said, based on my familiarity with the record. I, I declined to reopen the suppression hearing. Now, you know, if we were here on on clear error review that might be something we're here on use of discretion and you got to show us that this was a conclusion that no rational, no sane judge would rational judge could have made. And we don't know the record like she did certainly but help me understand why you think her refusal to reopen a hearing was an abusive discretion. The refute. So, the district court was facing its refusal, at least an hour reading of her ruling, and we think that's the fair reading on the video evidence on its own, and a review of the video evidence on its own, shows that there is no that the decision to not reopen based on the video on its own cannot be located within the permissible range of this, but she was also intimately familiar with this case and with the record. I mean, well, I feel like that at least in our opinion cuts in favor of our argument and that she was familiar with the record. She found the officers not credible. She relied on the video on its own, and on its own and that cannot be justified. That is an abusive discretion and the district court, who knows the record better knows the record best as you said, specifically stated at the suppression hearing that the video cannot on its own, establish probable cause, and does not show a hand to hand Thank you very much. Thank you both for your arguments. We will reserve decision.